*In re* J. A. TEMPLE.

May 8, 1885.

Attorney-at-Law — Wilful Professional Misconduct—Suspension.—A note having been placed in the hands of an attorney-at-law for collec-tion, he agreed with the maker that, if she would furnish board to his law partner, he would indorse and apply the amount in payment of the note. The maker of the note, believing that the attorney had authority to accept payment in this way, furnished the board, the amount of which the attorney indorsed on the note. The attorney had no authority to do so, and his acts were repudiated by his client, who proceeded and col-lected the note in full of the maker, the attorney never having accounted to his client for the amount thus indorsed, nor repaid it to the maker. *Held*, that this amounted to wilful misconduct in his profession on part of the attorney.

Information, filed in this court, under the provisions of Gen. St. 1878, *c.* 88, §§ 19–31, charging J. A. Temple, an attorney-at-law, with wilful misconduct in his profession. Answer was made, and the matter heard on these pleadings and testimony taken by a referee.

*J. M. Shaw, C. H. Woods,* and *A. B. Jackson,* for the prosecution.

*Merrick & Merrick,* for the respondent.

MITCHELL, J.[1] The facts in this matter, as they appear to us from the evidence, are as follows: A Mrs. Dickinson placed in the hands of Temple, as her attorney, for collection, certain promissory notes against a Mrs. O'Neil, a boarding-house keeper. Temple agreed with Mrs. O'Neil that if she would furnish board to his law partner, one Goss, that he would apply and indorse the amount as payment upon

[1] Berry, J., was absent and took no part in this case.

these notes. While the evidence does not, perhaps, warrant us in finding that Temple expressly represented to Mrs. O'Neil that he had authority from his client to accept this in payment of the notes, yet it is evident to us that his acts naturally led Mrs. O'Neil to believe that he had a right to do so, and that, in allowing Goss's board to be thus applied, she was paying her notes, and would be fully protected from paying them a second time. In pursuance of and in reliance upon this arrangement, Mrs. O'Neil furnished Goss board to the amount of about $50, which Temple indorsed as payment upon one of these notes. In fact, Temple had no authority to do this, and, upon the facts becoming known to his client, Mrs. Dickinson, she repudiated the indorsement, and sued on the note, and collected the full amount from Mrs. O'Neil. Temple never accounted to Mrs. Dickinson for the amount of this board thus indorsed, nor paid or refunded it to Mrs. O'Neil.

While there is nothing in the evidence to justify us in concluding that Temple premeditated a fraud on Mrs. O'Neil, and while it is probably true that, when he made this arrangement with her, he expected to get the amount out of his partner, Goss, yet his conduct in inducing this woman to furnish board to an irresponsible man like Goss, by leading her to suppose in good faith that she was thus paying her note to Mrs. Dickinson, when, in fact, he had no authority to receive pay in this way, was grossly improper. But, in at least a moral point of view, this is not the worst feature of Temple's conduct. After having gotten this board from this woman in this way, he was both morally and legally bound to save her harmless by either accounting to his client for the amount as if received in cash, or else paying Mrs. O'Neil for the board. But, instead of doing anything of this kind, he allows Mrs. O'Neil to stand the loss. He attempts to palliate his acts by saying that he afterwards offered that if Mrs. O'Neil would sue Goss (who in the mean time had removed to another state) for the amount of the board, and get judgment, and assign him the judgment, that he would pay her the amount. This attempt to give his conduct the semblance of fairness is too lame and clumsy to require comment. To some, the conduct of Temple may appear a venial irregularity; but we cannot look upon it in any other light than

as wilful misconduct in his profession. This sort of petty foraging upon the poor and the ignorant is, in our opinion, one of the most reprehensible forms of professional misconduct.

The respondent, J. A. Temple, is therefore adjudged guilty of wilful misconduct in his profession, and is suspended from practising his profession in any of the courts of this state for the period of six months from the filing of this decision.