## STATE BOARD OF LAW EXAMINERS v. THOMAS V. NOVOTNY.[1]

July 25, 1913.

Nos. 17,763—(33).

**Disbarment of attorney — evidence.**

> The evidence in a disbarment proceeding is examined, and it is *held* that the respondent wilfully misappropriated moneys collected for his clients, and that he wilfully betrayed the trust and confidence of a client, the defendant in a divorce suit, for whom he appeared, and by reason of the facts found is guilty of deceit and wilful misconduct in his profession, and of

[1] Reported in 142 N. W. 733.

---

Note.—As to disbarment or suspension of attorney for withholding client's money or property, see note in 19 L.R.A.(N.S.) 414.

the wilful violation of the duty imposed upon him as an attorney at law, and should be removed from his office.

James E. Jenks, a member of the State Board of Law Examiners, complained to this court that Thomas V. Novotny had been guilty of wilful misconduct in his profession, specifying the matters referred to in the opinion, and others, and prayed for his removal from office as an attorney at law. Defendant filed an answer to the charges. A referee was appointed, who took and reported the testimony. Judgment of disbarment ordered.

*James E. Jenks,* for the State Board of Law Examiners.

PER CURIAM.

This is an order to show cause, issued by this court upon the petition of James E. Jenks, a member of the State Board of Examiners in Law, requiring the respondent, Thomas V. Novotny, to show cause why he should not be removed from his office of attorney at law because of professional misconduct and wrong doing.

A number of charges of misconduct are set forth in detail in the petition. We find that those set forth in paragraphs three, four, six, seven and eight are true.

It is not necessary to recite the evidence nor to state in detail the facts found.

In one instance, the respondent collected of the employer of his client, by settlement, the sum of $100 for the loss of an eye through a dynamite explosion, and the further sum of $100 from an accident insurance company for the same injury, and retained both sums.

In another, he collected $400 in settlement of a death-by-wrongful-act claim and kept it all.

In another, he received $250 from a grocery company in settlement of a claim that his client had suffered damage in the use of some poisoned article purchased, and retained all of it except a few dollars.

In another, he received a note of $70 for collection, sold it to a bank for $50, and kept the $50.

In another, he represented to his client, the defendant in a di-

vorce case, that the court had ordered him to pay $75 for the expenses of the suit, when in fact the court had made no such order, and collected such sum from his client for payment to the plaintiff, and used it himself.

By R. L. 1905, § 2290, it is made a ground of suspension or disbarment that the attorney has been guilty of wilful misconduct in his profession, or that he has wilfully violated any duty imposed upon him as an attorney at law.

From the evidence, it is apparent that the respondent was preying upon those in humble circumstances, at times injecting himself into their troubles and promoting strife, and usually deceiving them or abusing their confidence.

The misappropriation of the moneys collected for clients was wilful and deliberate and systematic. In itself, it furnishes sufficient ground for disbarment. In Re Temple, 33 Minn. 343, 23 N. W. 463; Southworth v. Bearnes, 88 Minn. 31, 92 N. W. 466.

The respondent's conduct relative to the divorce suit is without defense. It shows him possessed of qualities making him unworthy of the confidence and trust necessarily reposed in an attorney. His client was a workingman, earning something like $2 a day, apparently had recently been under examination in the probate court as to his sanity, and had twelve children to support. To raise the $75 he had to borrow, going from friend to friend and getting it from the contributions of several. In the meantime, the respondent was assuming to be his friend, and was assuring him that he would wait for his own pay. The conduct of the respondent shows a mind inappreciative of the fidelity which an attorney owes his client, or wilfully disregardful of it. Such a betrayal of a client's confidence is not endurable. It alone justifies disbarment.

Upon the facts presented, the duty of this court is clear. It should resolutely and without temporizing remove the respondent from his office. The state should no longer certify to the public that he has the integrity which justifies them in reposing confidence in him as an attorney at law. He can no longer be of assistance to the courts in the administration of justice, and an honorable profession should not be dishonored by his further continuance in it.

Mercy extended to him is cruelty inflicted upon so much of the public as might, because of it, trust him. The profession should understand that the court is in accord with them in effecting the removal of those found so unworthy as the respondent, and that like cases will have like results.

The case is not one for discipline by suspension. It calls for removal from office.

It is ordered that the respondent be removed from his office of attorney at law in this state and formal judgment of disbarment will be entered.

HALLAM, J., took no part.