## IN RE PETITION OF THOMAS V. NOVOTNY FOR REINSTATEMENT.[1]

January 30, 1925.

No. 17,763.

**Disbarment of attorney.**

Omission to enter formal judgment of disbarment does not affect the validity of the court's judgment—Petition by disbarred attorney for reinstatement denied. [Reporter.]

*Harold G. Cant*, for state board of law examiners.

*O. H. O'Neill* and *Lawrence Severson*, for respondent.

PER CURIAM.

In July, 1913, the petitioner was removed from his office of attorney at law. State Board of Law Examiners v. Novotny, 122 Minn. 490, 142 N. W. 733. In 1924, he presented a petition to have the judgment of disbarment set aside and to be reinstated as a member of the bar of this state. The petition was referred to the board of law examiners to investigate and report. That board made an extended investigation and reported the facts ascertained, together with the evidence submitted to it, and made an adverse recommendation.

[1]Reported in 201 N. W. 949.

We have carefully examined the evidence presented in connection with the present application and also that presented in the original proceeding, and we regret to say that we are firmly convinced that the original disbarment was amply justified, and that the petitioner's subsequent conduct shows that he is not a fit person to be reinstated as a member of the bar of this state. The petition is denied.

In the original proceeding, the court determined that the petitioner be removed from his office of attorney at law, and directed that a formal judgment of disbarment be entered. An examination of the record discloses that this formal judgment has not been entered. This omission does not affect the validity of the judgment as declared by the court. 15 R. C. L. 571, 581, §§ 5, 16. The clerk will now enter a formal judgment as of July 25, 1913, the date on which the judgment was declared, and will refer to this order as authority therefor.