### IN RE DISBARMENT OF WILLIAM BAUER.[1]

May 28, 1926.

No. 24,804.

**Evidence required disbarment of attorney.**

Respondent's admission to the bar was procured upon a petition wherein he represented that his name was William Bauer when in truth it was Edward Warszawski. Under the circumstances stated in the opinion, that misrepresentation is considered to justify a vacation of the order admitting respondent to the bar. But the whole case is such as to require judgment of disbarment.

Attorney and Client, 6 C. J. p. 579 n. 42; p. 588 n. 44; p. 590 n. 55.

---

See note in 19 L. R. A. (N. S.) 414; 2 R. C. L. p. 1096; 1 R. C. L. Supp. p. 701; 5 R. C. L. Supp. p. 125.

Proceeding instituted by the State Board of Law Examiners for the disbarment of William Bauer. Judgment of disbarment ordered.

*H. G. Cant*, for petitioner.

*Harold J. O'Laughlin*, for the accused.

PER CURIAM.

This is a proceeding for the disbarment of a member of the bar of this court. The evidence was taken before Honorable Olin B.

[1]Reported in 209 N. W. 31.

Lewis, presiding judge of the district court for Ramsey county, whose findings of fact are well supported by the evidence. There is no occasion for us to do more than summarize them.

Respondent was admitted to the bar of this state March 23, 1922. His true name is Edward Warszawski and he went by no other until early in 1914 when he left Winnipeg and came to Minnesota, taking up his residence at St. Paul under the name of William Bauer. The occasion for his leaving Winnipeg and for his change of name appears to have been the issue of a warrant by the police court of Winnipeg for his arrest upon a charge of grand larceny. It was under the name of William Bauer that respondent was admitted to our bar and his representation in his petition for his admission that that was his true name was false.

The next charge found true has to do with a divorce action in which respondent participated as attorney in 1924. He represented the plaintiff and after trial the action was dismissed with prejudice. Notwithstanding that dismissal and within three months, without any new cause for divorce, respondent wrongfully instituted a second action on behalf of the same client. That conduct on the part of respondent was properly found to have been not only a contempt of the district court, but also "intentional and wilful" and in deliberate disregard of the decree in the first case.

Another charge found true is that respondent resorted to false representations and was guilty of bad faith in procuring some $225 to be advanced by his client in another divorce action and that even after that money had been received he "negligently and wrongfully" failed to protect the interests of his client and failed to secure for her the property on account of which the money had been advanced. He has made no accounting in the premises and the case is mildly characterized as one of conversion by an attorney of the funds of his client. There are two other items of similar character; one involving about $16 and another $50. It is unnecessary to go into the evidence concerning them.

From another client respondent procured $500 in cash to be used as bail. It was procured and retained by resort to representations

which were materially false. Respondent has never given his client a statement of account in this matter but has refunded $300 and claims that the balance of $200 is due for attorney's fees. The finding is that if the services had been rendered in good faith, which obviously they were not, they would have been worth not to exceed $150.

The foregoing makes it clear that respondent should not be retained as a member of the bar. He has demonstrated unfitness for that honor and for the responsibilities which attend it. In view of the circumstances under which he came to Minnesota, the misrepresentation concerning his name which was a part of his petition for admission to the bar of this court, probably makes a case for the vacation of the order for respondent's admission. However innocent a change of name, it is incumbent upon an applicant for admission to the bar to state his true name and not a recently assumed one alone. Otherwise the preliminary investigation of an applicant by the Board of Law Examiners can be easily hindered if not in effect prevented. But on the whole case, judgment of disbarment is required and will be entered forthwith.

So ordered.