## IN RE DISBARMENT OF GEORGE E. ERICSON.[1]

### April 14, 1927.

### No. 25,871.

**Attorney disbarred.**
> An attorney's failure to report collection and to remit money, under the circumstances stated in the opinion, calls for disbarment.

Attorney and Client, 6 C. J. p. 591 n. 69.

---

> See note in 19 L. R. A. (N. S.) 414; 2 R. C. L. 1095; 1 R. C. L. Supp. 701; 5 R. C. L. Supp. 125; 6 R. C. L. Supp. 122.

Proceeding for the disbarment of George E. Ericson. Judgment of disbarment ordered.

*Harold G. Cant* and *John F. Bonner*, for the state board of law examiners.

*George E. Ericson*, pro se, and *W. T. Coe*, for respondent.

PER CURIAM.

The state board of law examiners asks for the disbarment of George E. Ericson. The petition and order was personally served September 15, 1926. This court appointed Honorable A. H. Enersen, one of the judges of the Ninth judicial district, as a referee to take evidence and make findings of fact.

[1]Reported in 213 N. W. 556.

Respondent was admitted to practice in this state in 1898. In April, 1923, he was employed by Herman Lewandoske to collect a claim from the Hennepin Paper Company. A default judgment was procured on December 18, 1923, for $156.06. In January, 1924, the judgment debtor paid $156.06 to respondent who satisfied the judgment. Respondent neither remitted the money to his client nor notified him that the money had been received and the judgment satisfied. In the fall of 1924 the client called upon respondent, who failed to advise that the judgment was paid and the money in his hands. The client wrote several letters to respondent inquiring about the outcome of the suit. In an effort to find how matters stood he appealed to another lawyer who found that the judgment had been satisfied. This attorney wrote to respondent but received no answer. The client learned in December, 1925, that respondent had received the money and satisfied the judgment.

The state board of law examiners wrote to respondent in August, 1926, and again on September 1, 1926, but the letters were not answered.

The hearing before the referee was had on January 17, 1927, and on January 9, 1927, respondent sent $150 to the client's second lawyer.

The substance of the foregoing has been found by the referee to be the facts, and upon examination of the record we find that the evidence fully supports the findings which are adopted by us. Such conduct has heretofore had the disapproval of this court. In re Disbarment of Larson, 169 Minn. 194, 210 N. W. 865.

Formal judgment of disbarment will be entered removing George E. Ericson from his office of attorney at law in this state.