## STATE v. WILLIAM BAUER.[1]

### May 20, 1927.

### No. 26,073.

**Notary public guilty of forgery in first degree.**

1.  A notary public, who knowingly, wilfully and falsely certifies that the execution of a mortgage was acknowledged by the persons named therein as mortgagors, is guilty of forgery in the first degree, under G. S. 1923, § 10323, although the mortgage was never recorded in the proper county.

**Statute did not make mortgage inadmissible in evidence.**

2.  Notwithstanding the provisions of G. S. 1923, § 2328, there was no error in receiving the mortgage in evidence as part of the state's case, although the registration tax was not paid.

**Taking acknowledgment of absent parties did not prevent prosecution for forgery.**

3.  The violation of G. S. 1923, § 6946, as well as § 10323, does not prevent a prosecution under the latter section.

[1]Reported in 214 N. W. 262.

**Conviction sustained by evidence.**

4. The evidence warranted the jury in finding the appellant guilty of the offense with which he was charged.

**New trial because of new evidence denied.**

5. Under the circumstances mentioned in the opinion, there was no error in the denial of appellant's motion for a new trial based on newly discovered evidence.

Acknowledgments, 1 C. J. p. 902 n. 90.
Criminal Law, 16 C. J. p. 1199 n. 56; p. 1201 n. 58.
Forgery, 26 C. J. p. 907 n. 49 New; p. 921 n. 34; p. 962 n. 91 New; p. 971 n. 69.

Defendant appealed from an order of the district court for Ramsey county, Boerner, J., denying his motion for a new trial, and from the judgment of conviction. Affirmed.

*William Bauer*, pro se.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Christopher D. O'Brien, Jr.*, County Attorney, and *Charles L. Hayes*, Assistant County Attorney, for the state.

LEES, C.

Appellant was indicted, tried and convicted of the crime of forgery in the first degree. He moved for a new trial and has appealed from an order denying the motion and also from the judgment of conviction.

The indictment charged appellant with violating G. S. 1923, § 10323, which provides that an officer, authorized to take an acknowledgment of an instrument which may be recorded, who wilfully and falsely certifies that the execution of the instrument was acknowledged by any party thereto, shall be guilty of forgery in the first degree.

Appellant was a notary public in and for Ramsey county and on June 15, 1925, as such notary public, he certified that J. W. Unton and Helen B. Unton, his wife, personally known to him to be the persons described in and who executed a mortgage running to one Fred Mueller, appeared before him in person and acknowledged the

execution of the mortgage. Appellant was then a practicing attorney having an office in the city of St. Paul, but, prior to his conviction, he was disbarred for unprofessional conduct. In re Disbarment of Bauer, 167 Minn. 350, 209 N. W. 31. The land mortgaged was described as part of lot 5, sec. 15, town 30, range 22, Ramsey county, Minnesota, without specific designation of the part of the lot mortgaged. The mortgagors are referred to as residents of Ramsey county. The amount of the mortgage was $700. Appellant owed Mueller $483 and received $217 from him when he delivered the mortgage to him. Mueller learned that the mortgagors lived in Minneapolis and had the mortgage recorded in Hennepin county.

J. W. Unton and his wife were witnesses for the state. Mrs. Unton testified that her true name was Hilda but that appellant was in the habit of calling her Helen. The Untons live in Minneapolis. They knew no one in St. Paul named J. W. Unton. They did not sign or acknowledge the mortgage in question and had no interest in the land described therein, but appellant was acquainted with them and had transacted some business for them. Unton testified that after he heard of the mortgage he had a conversation with appellant in the course of which appellant said that he thought he knew him and his wife well enough to use their signatures whenever he wished to do so.

Specimens of appellant's handwriting, conceded to be genuine, were received in evidence and were compared with the writing in the mortgage and the signature thereto, and an expert, well qualified to express an opinion, testified that in his opinion the appellant had written the names of the Untons where the same appeared at the place for the signatures of the mortgagors.

Appellant was the only witness in his own behalf. He testified that in May, 1925, his wife had an interest in part of lot 5 under an unrecorded deed; that she advertised the property for sale; that a person answered the advertisement, bearing the name of James W. Unton; that he agreed to buy part of the lot; that a deed was executed by Mrs. Bauer, but not delivered; that the mortgage to

Mueller represented part of the purchase price; that Unton was unable to raise the money needed to pay the balance and reconveyed the land to Mrs. Bauer; and that neither deed was recorded. He repeatedly testified that the Untons who were witnesses for the state were not the persons who executed the mortgage to Mueller.

In support of the motion for a new trial, appellant presented an affidavit by his wife stating that she lived in a suburb of Los Angeles at the time of the trial and, not until after appellant was convicted, did she hear or know of his trouble; that in February, 1923, she received a deed of part of lot 5, subject to a mortgage; that she paid and satisfied the mortgage; that neither the deed nor the satisfaction was recorded; that she had posted a "For Sale" sign on the land, giving her St. Paul address; that a man and his wife called in May, 1925, to negotiate for the purchase of the land; that they said their name was Unton; that she took them to her husband's office, where the negotiations were concluded with him; that she signed a deed conveying one-half of the land to Unton for a consideration of $2,500; that her husband informed her that Unton had paid $550, executed a mortgage for $700, and was to pay $1,250 more on the delivery of the deed; that a few weeks later he informed her that the Untons had "backed out;" that she knew a man who went by the name of Jack Unton and his wife Hilda, and that they were not the Untons with whom the transactions above mentioned were had.

Appellant also presented an affidavit by a stenographer he had formerly employed. She stated that in May, 1925, while in appellant's office, he asked her to witness a deed from him and his wife to James Unton; that in June, 1925, she saw a man and woman in conference with appellant in his private office and heard the man say he wanted a certain mortgage to run to Mrs. Bauer; that appellant replied it made no difference whether the mortgage ran to her or to Mueller; that there was some conversation about the description of the land to be mortgaged, and appellant said that if anything was left out it would be inserted in the mortgage before delivery to Mueller; that in July, 1925, the same man and woman came in again and inquired for appellant, and while waiting for him, in the course

of a conversation with her, said they were the purchasers of Mrs. Bauer's farm.

A third affidavit, made by appellant, explained his failure to produce his wife and the stenographer as witnesses at the trial.

Appellant is in prison, prepared his briefs there and is not represented by counsel on this appeal, and asks us to search the record, insisting that, when carefully examined, it will show that he should have been given a new trial.

His first contention is that the words "may be recorded" in G. S. 1923, § 10323, mean "shall be recorded;" that the record of the mortgage in Hennepin county was unauthorized and, since it was never recorded in Ramsey county, no offense was committed. The mortgage could have been legally recorded in Ramsey county. It was an instrument of the character defined by the statute. It was not an essential element of the offense that there should have been a recording in Ramsey county or at all.

It is suggested that, since no registration tax was paid on the mortgage, it was error to receive it in evidence. See G. S. 1923, § 2328. Clearly the provisions of that section did not prevent the state from introducing the mortgage in evidence in the prosecution of the officer who took the acknowledgment in violation of G. S. 1923, § 10323.

Section 6946, G. S. 1923, makes it a misdemeanor for an officer to take an acknowledgment when the parties executing the instrument do not appear before him in person. The offense defined by that section is not the one defined by § 10323. The evidence for the state shows that appellant violated both sections. He was prosecuted for the more serious offense. He cannot be heard to say that he was not guilty of a felony because, as an incident of his unlawful act, he also committed a misdemeanor; but, of course, to be convicted of a felony, the proof must show that he certified to the acknowledgment wilfully and falsely. The evidence of the Untons and of the handwriting expert justified the jury in finding that the purported signatures of the mortgagors were written by appellant. If that be true, he knew that his certificate was false and intended that it should be recognized as true and genuine. After a thorough exam-

ination of the record, we have concluded that the state proved all the elements of the crime charged in the indictment to such a degree of certainty that the jury might find that appellant's guilt had been established beyond a reasonable doubt.

The contention that the court should have granted the motion for a new trial for newly discovered evidence cannot be sustained. The affidavits of Mrs. Bauer and the stenographer contain statements which are merely cumulative and corroborative of the testimony given by appellant in his own behalf. The statements are not of so much weight and importance as to induce the belief that the testimony of the affiants, if produced on a new trial, would change the result. If appellant had produced an affidavit from James W. Unton, if there is such a person, and if he had stated that he actually executed and acknowledged the mortgage, an entirely different situation would have been presented.

Order and judgment affirmed.