IN RE DISBARMENT OF VERNON W. BUCK.[1]

May 27, 1927.

No. 25,356.

**Attorney suspended from practice for one year because of professional misconduct.**
    Evidence held sufficient to require the suspension of Vernon W. Buck from practicing law in the courts of this state on the ground of professional misconduct.

Attorney and Client, 6 C. J. p. 601 n. 86; p. 612 n. 52; p. 725 n. 93.

Proceeding for the disbarment of Vernon W. Buck. Respondent suspended for one year.
*John F. Bonner*, for state board of law examiners.
*Donald G. Hughes*, for respondent.

PER CURIAM.
This proceeding was instituted by the board of law examiners on September 14, 1926, for the disbarment of Vernon W. Buck, attorney at law and member of the bar of this state. The Honorable Edward Freeman was appointed referee to take the testimony, make findings of fact and report the same to this court. The petition contains four distinct charges of misconduct, the first being that the respondent, while acting as attorney for the town of Dick, in Aitkin county, received into his possession, prior to November, 1923, two warrants of $1,000 each, issued by the county board to such town, which he wrongfully appropriated to his own use.

It appears from the evidence and from the findings of the referee that the town authorities became aware of such offense in November, 1923, and took steps to adjust the affair but without satisfactory results. Paragraph 1 of the petition asks for the disbarment of Mr. Buck on account of such acts on his part in the practice of his profession. The petition charges the accused with three other acts

[1] Reported in 214 N. W. 662.

of professional misconduct, each of which will be disposed of in its order.

Section 5697, G. S. 1923, provides that no proceeding for the removal or suspension of an attorney at law shall be instituted unless commenced within the period of two years from the date of the offense or misconduct complained of, or within one year after discovery thereof. The meaning of this statute is somewhat obscure but, as we read and construe its provisions, the proceeding will not be considered instituted until formal petition has been made and presented to this court. No proceeding having been instituted within the two-year period, the charge is barred unless saved by the *one-year* provision of the statute. It appears from the evidence and from the findings of the referee that the town authorities knew of the offense and took action thereon in November, 1923, which facts of themselves, made by the party in interest, mark the time of discovery of the offense within the meaning of the statute. This proceeding not having been instituted within one year of such discovery, the charge is barred and for that reason must be dismissed.

The second charge is, in effect, that, in April, 1925, respondent received from the Credit Clearing House of Milwaukee for collection a claim of $40.01 of Rosenblatt & Sons against Fairchild & Maki of Tamarack, Minnesota, distant about 40 miles from the village of Aitkin; that in August, 1925, respondent falsely represented to his clients that he had entered judgment on such claim against defendant, when as a matter of fact he had not.

The third charge against respondent is that, in June, 1924, the Bonnet-Brown Corporation of Chicago sent to him for collection its claim against M. H. Galer, which had been placed in judgment in the amount of $57.38 against the Forest Lake Times; that Galer lived at McGregor, distant 20 miles from Aitkin; that respondent requested and received from his client the sum of $10 for the payment of costs so that he might obtain judgment against Galer; that thereafter respondent made no effort to enforce collection and started no action against Galer but, in September, 1924, wrote claimant that the papers were in the hands of the sheriff, which statement

was entirely false; that he never collected or put said claim into judgment, nor in any manner accounted to claimant for the $10 so paid to him.

The fourth charge is that in August, 1924, Dr. J. A. Thabes of Brainerd sent to respondent for collection a claim of $250 against Aaron Lundblad of Aitkin; that respondent collected $25 on September 1, 1924, $25 on October 1, 1924, $25 on November 10, 1924, and on February 13, 1925, coal of the value of $56.02 was delivered by Lundblad to respondent who was given credit on the Thabes bill for that amount.

Respondent did not notify Dr. Thabes of the collection of any of said amounts. On March 9, 1925, Dr. Thabes was informed by Lundblad that he had made payments on account to respondent, whereupon Thabes wrote to respondent asking for remittance of moneys collected. On March 11, 1925, respondent wrote to Dr. Thabes enclosing check for $75 covering the three cash items collected. He did not pay for the coal that he had theretofore received, but in reference thereto said: "I am trading at the lumber yard where he is working and will have same credited on his account and will send collection to you. I have taken no commission from above." Dr. Thabes, about the same time of putting the Lundblad collection in the hands of respondent, also turned over to him other collections. Upon one respondent had sued Mrs. Peterson for $75, which she then agreed to pay to Dr. Thabes and which she actually did pay, and at the request of Dr. Thabes respondent dismissed the action against Mrs. Peterson. Respondent also gave services toward collecting an account against one Heft, and after it was in his hands and after he had made such efforts the debtor paid at least a part of the account directly to Dr. Thabes.

The three charges last above referred to in substance have been found true by the referee, and the evidence well justifies that conclusion. The argument in connection with the Thabes-Lundblad collection, that respondent was entitled to credit for a collection fee of upwards of $50, is legally untenable. His services were legally worth nothing, for an attorney guilty of such gross misconduct as

that of respondent, like any other unfaithful agent, forfeits his right to compensation. 6 C. J. 722. To allow such services any substantial value for the purpose of compensation is to reward alike honest and dishonest, loyal and disloyal services.

Respondent having shown a disposition to make good his delinquencies and the record giving promise that they will not be repeated, the case is not one for permanent disbarment; but they require substantial disciplinary treatment. The respondent is suspended from the practice of law for the period of one year from the date of the filing of this decision.

So ordered.