IN RE DISBARMENT OF HOWARD S. SPENCER.[1]

July 8, 1927.

No. 26,259.

Attorney disbarred for appropriating his client's money.

An attorney received money from his client to be applied in the payment of a claim in suit. He kept the money, did not apply it, judgment was entered against his client, who paid the judgment. The attorney still has the money. *Held*, that he should be removed from office.

Attorney and Client, 6 C. J. p. 591 n. 69.

See note in 43 A. L. R. 54; 2 R. C. L. 1095; 1 R. C. L. Supp. 701; 5 R. C. L. Supp. 125.

Proceeding for the disbarment of Howard S. Spencer. Judgment of disbarment entered.

*Clay W. Johnson,* for state board of law examiners.

*Howard S. Spencer,* pro se.

PER CURIAM.

The petition of the state board of law examiners for the disbarment of Howard S. Spencer of St. Paul was referred to Honorable Paul W. Guilford, one of the judges of the fourth judicial district, to hear the evidence and report findings. The evidence was taken and findings made.

The facts are brief. Action was brought in the court of a justice of the peace of Ramsey county against one Johnson on June 28, 1926, by a physician, to recover $20. The summons was returnable on July 7. The wife of the defendant took the summons to the office of Spencer, who undertook to appear for him. Shortly afterward Spencer agreed with the attorney for the physician to pay $10 in settlement. The action was dismissed. The $10 was not

[1]Reported in 215 N. W. 191.

paid, and on August 28, 1926, a second action was brought, the summons returnable September 8, 1926. On September 7, 1926, the defendant gave Spencer his check for $22 to be applied in settlement. It was cashed by Spencer and paid through the clearing house on September 11. There was an agreement with Johnson that after deducting $2 he would divide with him anything saved in the settlement. Spencer made no settlement. He had the opportunity. On December 8 judgment was entered against Johnson for $23.47. In the latter part of December Johnson paid to the attorney of the plaintiff $22 in settlement of the judgment. He then brought action against Spencer in the conciliation court of St. Paul. The latter did not appear and on January 7, 1927, judgment was entered against him for $22. It has not been paid.

On January 15, 1927, the secretary of the board of law examiners communicated with Spencer, and again on January 28, and received no answer. On February 3 he wrote him stating that complaint would be presented to the board on February 7. On February 5 Spencer answered admitting the receipt of the $22, expressing a willingness that the matter be adjusted, but promised nothing and did nothing.

No excuse for a failure to apply the $22 or for keeping it is made by Spencer, except that he was suffering from a nervous breakdown, as to which there is no substantial proof. His excuse for not paying after he received the letters from the board of law examiners is that he thought it might appear that he was trying to influence the Johnsons or someone else. He was urged to pay and was given the opportunity. He is without excuse. It may be said in his favor that his testimony is candid. He admits that blame attaches to his conduct.

The evidence presents a case typical of many where an attorney uses the money of his client and meets resultant discipline or disbarment. Southworth v. Bearnes, 88 Minn. 31, 92 N. W. 466; State Board v. Novotny, 122 Minn. 490, 142 N. W. 733; In re Dahl, 159 Minn. 481, 199 N. W. 429, 43 A. L. R. 52; In re Eberhart, 164 Minn. 408, 205 N. W. 266; In re Cherry, 166 Minn. 448, 208 N. W. 197,

45 A. L. R. 1108; In re Bauer, 167 Minn. 350, 209 N. W. 31; In re Larson, 169 Minn. 194, 210 N. W. 865; In re Ericson, 171 Minn. 111, 213 N. W. 556; In re Buck, 171 Minn. 352, 214 N. W. 662; In re Hage, 171 Minn. 434, 214 N. W. 663. The facts of the case require removal from the bar. Formal judgment of disbarment will be entered.

Judgment of disbarment ordered.