## IN RE DISBARMENT OF BASIL T. HEATH.[1]

December 6, 1929.

No. 27,335.

[1]Reported in 227 N. W. 892.

*Oscar G. Haugland* and *M. V. Seymour*, for state board of law examiners.

There was no brief or appearance on behalf of respondent in this court.

PER CURIAM.

The state board of law examiners filed a petition and accusation against Basil T. Heath, a duly admitted attorney, asking for his disbarment. The proceeding was referred to Honorable Henry J. Grannis of Duluth, one of the judges of the eleventh judicial district, to hear the testimony and report findings.

It was found by Judge Grannis that on January 1, 1925, Louis M. Holten, then residing at Pequot, Minnesota, and now at Duluth, employed Heath to collect an unliquidated claim in the probate court of Stearns county. Heath as attorney filed a claim. It was allowed at $2,000. There was paid to Heath at one time $1,200 and at another $800. He continually misrepresented to Holten and used the money for his own purposes. He gave Holten a check for $400 which was not paid. Suit was brought and judgment for $829.42 was entered and is unpaid.

On August 21, 1925, he received through the attorney of Baer Brothers of New York for collection a claim of $630.98. He collected and retained $315.49. The New York attorney placed the claim with a so-called "law list" in New York engaged in making collections. In September, 1928, long after collection, Heath sent a check for $315.49, less his fees. It was not paid for want of funds. Afterwards he paid under what was substantially an agreement with the law list and the New York lawyer that they would not prosecute him before the board of law examiners or trouble him with a criminal prosecution.

The facts found are supported by the evidence. They require disbarment. In re Disbarment of Ericson, 171 Minn. 111, 213 N. W. 556; In re Disbarment of Hage, 171 Minn. 434, 214 N. W. 663; In re

Disbarment of Larson, 169 Minn. 194, 210 N. W. 865; In re Disbarment of George, 172 Minn. 347, 215 N. W. 425. It may be that Heath thought he would sometime repay the clients whose money he was using. Many embezzlements are of that character; still they are embezzlements. Restitution does not relieve altogether, though it is commendable. In re Removal of Dahl, 159 Minn. 481, 199 N. W. 429, 43 A. L. R. 52; In re Disbarment of Larson, 169 Minn. 194, 210 N. W. 865; In re Disbarment of Ericson, 171 Minn. 111, 213 N. W. 556.

The conduct of the New York people is censurable. They were willing to use the state board of law examiners as a means by which to make a collection; and they were glad to stop proceedings by the board and criminal proceedings if they could get their money. Money had the great appeal, and for dollars due them they were willing to stifle prosecution for disbarment and criminal prosecution. This does not lessen the sin of Heath.

A formal judgment of disbarment will be entered.

Disbarment ordered.

