## IN RE DISBARMENT OF H. M. COMFORT.[1]

April 17, 1930.

No. 27,650.

*Oscar G. Haugland* and *M. V. Seymour,* for state board of law examiners.

*H. M. Comfort,* pro se.

PER CURIAM.

The state board of law examiners filed an accusation against Hollis M. Comfort, an attorney at law of this state, setting forth three charges of misconduct in his profession and asked that he be

[1]Reported in 230 N. W. 582.

removed from his office of an attorney at law. The matter was referred to the Honorable Charles P. Hall, a judge of the first judicial district, to take and report the evidence and make findings of fact thereon. His report has been filed, from which it appears that the facts are admitted and that his findings are in accordance therewith. We shall not recite the facts further than necessary to indicate the nature of the derelictions shown.

First. Prior to March, 1927, defendant collected $81 for Olga Reier. In July and August, 1927, he made three payments to her aggregating $25. In sending the last of these payments he wrote that he would send the remainder by the end of that week. He failed to remit the remainder. In October, 1929, some two months after the disbarment proceedings had been begun, he paid it to another attorney employed by her to collect it.

Second. In May, 1926, defendant was employed by Walter H. Cobban to register the title to a tract of land under the Torrens law. He received the abstract and other papers from Cobban and asked for and received $100 to cover expenses, and promised to render an itemized account of such expenses. He prepared a petition for registration and had Cobban and his wife sign it, but never filed it in court and never took any further action in the matter of any sort. Cobban repeatedly urged him to complete the proceeding and was always assured that it was nearly ready for the final hearing. In September, 1927, Cobban, who had then learned that defendant had not even begun the proceeding, employed other attorneys to whom, on the written demand of Cobban, defendant delivered the abstract and promised to render an account of the $100 he had received. He never rendered any account of the money, but it is stipulated that after the hearing in the present proceeding he returned it to Cobban.

After a request from the board of law examiners for his version of the above transaction and in March, 1928, he sent them an affidavit in which he stated that the balance of $56 due Mrs. Reier would be sent to her on the following day and that the $100 received from Cobban would be returned to him on the following

day. Neither amount was paid until more than a year and a half thereafter and then in the manner and under the circumstances previously stated.

Third. In the early part of 1927 defendant was employed by Peter Lisowsky to bring an action for divorce against his wife, who resided in the city of New York. Lisowsky delivered to him certain letters and other papers for use in the case and paid him $80. He did not procure the service of the summons until shortly before the hearing in the present proceeding, which was on November 25, 1929. Part of this delay however was acquiesced in by Lisowsky on being informed that his wife intended to demand a large amount of alimony. But when Lisowsky became impatient at further delay defendant told him that the case was on the calendar for trial. Thereafter Lisowsky investigated and found that this statement was not true and that the summons had not been served nor any papers filed. He employed another attorney to procure the return of his letters and papers. This attorney brought an action in replevin in the municipal court to recover them, but they were returned before the writ was served.

Defendant admitted the facts frankly and fully and is to be commended for doing so. But such derelictions of duty have always been condemned. In re Removal of Dahl, 159 Minn. 481, 199 N. W. 429, 43 A. L. R. 52; In re Disbarment of Larson, 169 Minn. 194, 210 N. W. 865; In re Disbarment of Ericson, 171 Minn. 111, 213 N. W. 556; In re Disbarment of Heath, 178 Minn. 547, 227 N. W. 892. They bring discredit upon an honorable profession, the members of which should bear themselves at all times so that the public will have no just cause to doubt either their trustworthiness or their fidelity to their clients.

It is ordered that Hollis M. Comfort be removed from his office of an attorney at law and that a formal judgment to that effect be entered.

STONE, J. took no part.