## IN RE DISBARMENT OF OLANDER J. SMITH.[1]

April 17, 1931.

No. 27,655.

*F. Manley Brist,* for state board of law examiners.
*Olander J. Smith* and *L. O. Smith,* for respondent.

[1]Reported in 236 N. W. 324.

PER CURIAM.

Honorable C. R. Magney, one of the judges of the eleventh judicial district, the duly appointed referee, has filed findings of fact upon the accusations made against Olander J. Smith, an attorney at law of this state, and a hearing has been had. The charge of wrongdoing as an attorney at law according to the findings is in substance this:

One Love died a resident of St. Paul, Minnesota, leaving a widow, Mary Love, and a son by a former marriage, Harry Love, as the sole heirs. Harry Love lived in St. Louis, Missouri, and through an attorney of that city employed respondent as his attorney in respect to the estate. In the settlement thereof Mary Love was to pay Harry Love $250 and deed to him certain lots in Minneapolis. She paid the money and delivered the deed to respondent. Respondent was to retain $62.50 thereof for his fees, and was to pay $8.98 out of the money received for taxes and record the deed. The balance of $178.52 he should have remitted to his client. He failed to remit any part of the money and did not record the deed. The record shows he has made no effort up to this time either to pay his client any part of the money or to pay the taxes or record the deed. And further the evidence discloses that to hide the wrong he falsely pretended that he had sent the money to St. Louis and that the letter had been lost when he knew that he had used the money to pay rent he owed and had never mailed any check to his client.

The referee also finds that from one Mrs. Hanly, the wife of a client, he borrowed $3,500, giving his note for $3,900, due in six months, by falsely pretending that he had paid $7,000 for a property in St. Paul upon which he was to erect a building costing $22,000, and that when a loan was obtained thereon he would pay the note. That he had paid nothing on the purchase of the property, but from the $3,500 so borrowed $2,500 was paid on a contract to purchase. No more was paid, and the contract was terminated. It is found that at the time of borrowing this money respondent had no prospect of erecting the building or providing any security.

This occurred in 1926. The testimony discloses that after he knew that the contract was terminated false statements in relation thereto were made to Mrs. Hanly. On this hearing respondent testified positively that he got only $3,000 from Mrs. Hanly; but when a cashier's check indorsed by him was produced he was forced to admit the falsity of his testimony. It can hardly be possible that his recollection was at fault.

The same sort of dishonesty in business matters was shown in the giving of two small checks drawn on a bank in which he had had no funds for about two years prior to negotiating the checks. It is true that in borrowing of Mrs. Hanly and negotiating the two small checks respondent was not dealing with a client; but the circumstances relating to these matters reveals such lack of integrity and honesty as to disqualify a person from occupying the office of an attorney at law.

Upon the findings of the referee and this record the order is that respondent be disbarred and his name be stricken from the roll of attorneys of this state.

Let judgment be entered accordingly.

LORING, J. took no part.