## IN RE DISBARMENT OF L. JOHN MOERKE.[1]

October 23, 1931.

No. 28,444.

[1]Reported in 238 N. W. 690.

*Oscar G. Haugland* and *Thomas M. McCabe,* for state board of law examiners.

*L. John Moerke* and *J. E. Gardner,* for respondent.

PER CURIAM.

Proceeding by the state board of law examiners for the discipline of L. John Moerke, an attorney at law, hereinafter referred to as respondent. The matter was referred to and heard by Honorable Alfred L. Thwing, one of the judges of the fifteenth district. The referee has reported the evidence and his findings thereon.

The referee found against the respondent on two of the charges presented. He found the facts on four other charges, but found, on one thereof, that the proceeding was not commenced within two years from the date of any of the facts and transactions involved, and, on the other three, that the facts were not sufficient to show actionable misconduct. We accept the findings of the referee on these four charges but may refer to the evidence so far as it throws any light upon respondent's general course of conduct in his profession and has a bearing upon his acts and intentions in the two matters where misconduct is found.

Briefly stated, the first charge upon which the referee found misconduct is as follows: Respondent was a United States court commissioner. In March, 1925, he received from one Mike Javor $1,500 in money as cash bail for one Vrban, which he accepted and receipted for to Javor as bail for Vrban. The money belonged to Javor. The bail was released by the court on or about December 9, 1925. Demands were made by Javor for the return of the money. Respondent falsely claimed that the bail had not been released, and converted the money to his own use. In 1926 Javor employed an attorney to collect from respondent, who made unfounded claims that some third party had received or had some claim on

the money, but he later agreed to pay. In April, 1927, suit was brought against respondent. He interposed an answer denying liability but pleaded for time and promised to pay. Time was given. There was voluminous correspondence between respondent and the attorney for Javor. up to the time of entry of judgment. Repeated promises to pay were made. Small checks were sent by respondent to apply. Some of them were returned by the bank because respondent had no funds on deposit. He sent some assignments of fees from a part of which sums of money were collected. In all there was paid $1,000. Finally the case was brought on for trial. Respondent appeared at the trial but presented no evidence. The court awarded recovery for the balance due and interest, and judgment was entered against respondent for $753.87 on December 23, 1929. No part thereof has been paid. Promises to pay were continued after entry of judgment.

The finding of the referee that respondent was guilty of misconduct on this charge is well sustained by the evidence. That such misconduct continued at least up to the time of entry of the judgment is also sufficiently shown. Untrue claims were made; checks on banks wherein respondent had no funds were sent; promises which respondent had no expectation of fulfilling were made; unjustified delays, trouble, and expense were caused the owner of the money.

The second charge upon which the referee found misconduct was similar in character. There respondent collected for clients $146 in April, 1924. There was the same failure to account to his clients; employment of another attorney to collect from respondent; untrue claims as to the money having been loaned to another by authority of his client; the giving of a post-dated check which was dishonored; repeated promises to pay; unjustified delay, trouble, and expense to his clients, continuing up to the time this proceeding was commenced. The evidence sustains the referee's finding of misconduct, although it appears that some two months after this proceeding was commenced respondent did pay the balance on this claim. There was continued misconduct. The present proceeding was commenced early in January, 1931.

■ Respondent refers to G. S. 1923 (2 Mason, 1927) § 10588, providing that cash bail, deposited with the clerk of court in a court of record, shall be the property of the accused and, when released, shall be paid to him personally or upon his written order. But this section is for the protection of the state and the clerk of court and does not affect the title to bail money as between other parties. The case of State v. Carey, 151 Minn. 517, 187 N. W. 710, settles the question.

The statute in any event has no application to bail deposited in a case in the federal court.

■ Respondent, in receiving the bail money, was not acting for any client, and Vrban or Javor never employed him as attorney. It is contended that respondent cannot be disbarred or disciplined for misconduct outside of his professional employment or duties. This contention is fully met by the cases of In re Disbarment of Cary, 146 Minn. 80, 177 N. W. 801, 9 A. L. R. 1272; In re Disbarment of Skinner, 171 Minn. 437, 214 N. W. 652; and In re Disbarment of Smith, 183 Minn. 220, 236 N. W. 324.

■ It is claimed that the proceeding here is barred by the provision of G. S. 1923 (1 Mason, 1927) § 5697, that no proceeding to remove or suspend an attorney shall be brought unless commenced within two years from the date of the offense or misconduct complained of or within one year after the discovery thereof. This claim is disposed of adversely to respondent by our decisions in the Cherry case, 166 Minn. 448, 208 N. W. 197, 45 A. L. R. 1108; In re Disbarment of Hage, 171 Minn. 434, 214 N. W. 663; and the Smith case, 183 Minn. 220, 236 N. W. 324. The Cherry and Hage cases are cited with approval in In re Disbarment of Spencer, 172 Minn. 158, 215 N. W. 191, and the Hage case again in In re Disbarment of Heath, 178 Minn. 547, 227 N. W. 892.

In In re Disbarment of Buck, 171 Minn. 352, 214 N. W. 662, no question of continuing misconduct was presented, and there was no occasion to apply the rule of the Cherry case, 166 Minn. 448, 208 N. W. 197, 45 A. L. R. 1108.

■ Evidence was received on four other charges. The misconduct in these matters was not so flagrant as in the two heretofore

considered. But the evidence on these four charges shows unethical and improper professional conduct, causing inconvenience, delays, and expense to clients, and, in some of the matters, continuing up to the time this proceeding was commenced. While we do not base any judgment upon evidence on these other charges, found by the referee not to show sufficient cause for discipline, this evidence may be considered so far as it tends to characterize respondent's conduct and intent in the matter of the two main charges.

It is ordered that respondent be removed from his office as an attorney and enjoined from the further practice of law in this state.

Let judgment be so entered.

