(No. 27797.—

THE PEOPLE *ex rel.* Chicago Bar Association, Relator, *vs.* THOMAS V. NOVOTNY, SR., *et al.,* Respondents.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

CHARLES LEVITON, of Chicago, for relator.

THOMAS V. NOVOTNY, SR., and HERMANN P. HAASE, *pro sese,* respondents; MEYER H. GLADSTONE, for respondent NOVOTNY, on rehearing.

Per CURIAM : This is an original proceeding brought by the People of the State of Illinois, upon relation of the Chicago Bar Association, against Thomas V. Novotny, Sr., charging him with contempt and holding himself out to be a lawyer admitted or licensed to practice law in the State of Illinois, and practicing law when in fact he is a layman and not authorized so to do. The information also charges that Hermann P. Haase was aiding and abetting respondent Novotny in the unauthorized and illegal practice of law, and is also guilty of contempt. Both respondents were by order of this court required to show cause why they should not be punished for contempt, and thereupon both have filed their respective answers in response to such rule entered upon the filing of the information.

The information charges that Novotny maintains an office located at No. 82 West Washington street, Chicago, Illinois; that these offices are shared with Hermann P. Haase; that Novotny is a layman and not admitted to practice law; that he has placed upon the doors of his office, and upon his letterheads, and upon his pleadings words designating he is an attorney at law; that he has also caused his name to be inserted in certain legal directories advertising he is a lawyer; that he has caused certain advertisements and notices to be printed and distributed

advertising he is an attorney at law; that he has appeared in a certain cause now pending in this court, in the abstract, brief and argument of which he is designated as attorney for appellant; and that in the suggestions in opposition to the motion for leave to file an information there is shown upon the outside wrapper a designation he is an attorney at law. The information also alleges that at the January term, 1943, of this court he filed a petition to have his name placed upon the roll of attorneys, claiming he was entitled thereto because of a motion claimed to have been made before this court June 22, 1912, based upon a license obtained in the State of Minnesota, and that he is now holding himself out as a duly admitted and licensed lawyer in violation of the laws of Illinois, and in contempt of this court, and prays that he may be restrained from further practicing and be punished for contempt.

The answer of respondent Novotny denies he is a layman, and alleges he has been for the past thirty-one years a duly licensed and qualified attorney at law in the State of Illinois, and has complied with all of the rules and regulations of this court; admits the specific act of practicing law alleged in the information. He also admits he filed his petition in this court at the January term, 1943, to have his name placed upon the roll of attorneys, and says that he has not been notified of the court denying such right or privilege to have his name placed upon the roll of attorneys, but says he was notified said petition was dismissed as not being sufficient in law, because it did not state facts upon which this court could grant the prayer. He also says he is a graduate of St. Paul's College of Law; that he was admitted to practice law in the State of Minnesota in 1907; that he came to Illinois at the request of another attorney in 1912, and associated himself with another law firm, and that June 22, 1912, upon the motion of two lawyers, and upon presenting to this court a certificate of good moral character, this honorable court instructed

the clerk to administer the oath of office, and to enroll his name upon the roll of attorneys of record of this court, and that he did take the oath of office, and in due time a certificate of admission was mailed to and received by respondent.

Further by way of answer he claims that in 1929 a complaint was filed against him in the municipal court of Cook county charging him with the practicing of law without a license, and that upon a trial before a jury he was found not guilty; that for thirty-one years, with the knowledge of the State's Attorney of Cook county, the Attorney General and the Bar Association he has held himself out as a duly licensed and qualified attorney at law, and that he has been authorized to consult with prisoners in the county jail of Cook county as a licensed attorney, and that because for thirty-one years no information has been filed the People have been guilty of *laches*, and prays that if the court is not inclined to dismiss the information because of the matters set forth in the answer, then in the alternative to refer the information and answer to a commissioner, where they may be more fully heard.

The information also charges respondent was disbarred in the State of Minnesota, July 25, 1913, as shown in the 122 Minn. Supreme Court Reports, page 490, and that his reinstatement was denied in that State in 1925 in 161 Minn. 503. No answer or denial is filed to this charge in the information.

Respondent is proceeding upon the theory that receiving a certificate from the Clerk of the Supreme Court is sufficient to make him a duly constituted and qualified lawyer authorized to practice in this State. From time immemorial the names of authorized attorneys have appeared upon the roll of attorneys in the place designated for such purpose. (*In re Day,* 181 Ill. 73.) In *In re Fellows, 2* Scam. 369, we held that an attorney who had neglected to have his name enrolled on the roll of attorneys at the date

of his license cannot thereafter have it enrolled *nunc pro tunc* to avoid liability for practicing as an attorney or receiving fees before his name was enrolled.

Section 5 of the act relating to attorneys and counselors (Ill. Rev. Stat. 1941, chap. 13, par. 5,) provides: "It shall be the duty of the clerk of the supreme court, * * * to make and keep a record, stating at the head thereof that the persons whose names are therein written have been regularly licensed and admitted to practice as attorneys and counselors at law within this state, and that they have duly taken the oath of office as prescribed by law, which shall be certified and indorsed on the said license." Section 6 of the same act provides "No person, whose name is not on the said roll, * * * shall be suffered or admitted to practice as an attorney or counselor at law in any court of record within this state, * * *." The practice before the enactment of such statute required, and the statute now in force requires, enrollment as the proof of the right to engage in the practice of law. The admission of an individual to practice is a judicial matter and can be exercised only by the courts, but the manner of establishing proof that one is a licensed attorney, when the question is properly in controversy, is a legislative matter. The provision requiring enrollment is not only for the purpose of making it the proof of admission to practice, but also to prevent frauds by the existence of fictitious certificates.

The information alleges that respondent Novotny is a layman. In his answer Novotny admits he is not enrolled. He claims he received a certificate from the Clerk of the Supreme Court in June, 1912, but it is obvious that this alone does not meet the requirements of the practice at common law or of the statute. The requirement is that his name appear upon the roll of attorneys. Permitting the clerk's certificate to constitute proof of admission, when directly questioned, might lead to fraud, but enrollment

would foreclose such a possibility, and is therefore made the test. The other matters set out in the answer of Novotny do not tend to make a defense or disprove the offense charged in the information. His acquittal of a criminal charge of practicing law without a license is not at variance with the powers of the court to dispose of such matters either summarily or upon an information for contempt. *People* v. *Hubbard,* 313 Ill. 346.

A different situation is presented by the case of respondent Hermann P. Haase. The information alleges that he is duly licensed to practice law in Illinois, and the only charge made against him is that "he is aiding and abetting the respondent Thomas V. Novotny in the unauthorized and illegal practice of the law," and therefore is in contempt of court. The answer of Haase states he does not know whether Novotny is a qualified licensed attorney; that since January, 1943, they have maintained an office together; that he at no time had any information or knowledge from any source whatever that Novotny had been disbarred in the State of Minnesota, and no knowledge that he was not qualified to practice in Illinois, but, on the contrary, from evidence handed to him at the time the said Novotny made his application in this court to be placed upon the roll of attorneys, believed he was entitled to practice law in this State. And further answering he says that in case the court should decide that Novotny is not a duly licensed and qualified attorney he will sever all professional relations with him. There is no allegation in the information that respondent Haase knowingly, wilfully or fraudulenty aided and abetted the said Novotny in his contempt, and knowledge or connivance is positively denied by the respondent Haase. To aid and abet a violation of the law requires knowledge and intent, and knowledge not being charged in the information, and being specifically denied in the answer is, we think, sufficient to purge him of the

offense. We think this result is justified because it appears from the answer that he had seen nothing, or known nothing of Thomas V. Novotny for thirteen years prior to the time they entered into their partnership arrangement.

While it is required of an attorney procuring a license to see that his name is entered upon the roll of attorneys such knowledge is not required of persons associated with, employing or transacting business with such attorney. With many thousands of lawyers admitted to practice law, and the roll of attorneys being located in the capital of the State, it would be an unreasonable and intolerable burden upon persons transacting business, or associating themselves with lawyers, to be subject to a charge of accessory to contempt merely by failure to examine the roll of attorneys in the offices of the Clerk of the Supreme Court.

It is the order of the court that Hermann P. Haase be deemed purged of his contempt and the information as to him dismissed. It is the order and judgment of the court that the respondent Thomas V. Novotny be found guilty of contempt, and be assessed a fine of $500.

> *Information dismissed as to Haase;*
> *judgment of contempt as to Novotny.*