## IN RE DISBARMENT OF PEDER M. HAGE.[1]

June 10, 1927.

No. 25,505.

**Attorney disbarred for professional misconduct.**

Evidence held sufficient to require the disbarment of Peder M. Hage from practicing law in the courts of this state on the ground of professional misconduct.

Attorney and Client, 6 C. J. p. 607 n. 90.

---

See note in 19 L. R. A. (N. S.) 414; 2 R. C. L. 1095 et seq.; 1 R. C. L. Supp. 701; 5 R. C. L. Supp. 125; 6 R. C. L. Supp. 122.

Proceeding for the disbarment of Peder M. Hage. Judgment of disbarment ordered.

*Harold G. Cant* and *Clay W. Johnson,* for state board of law examiners.

*Peder M. Hage,* pro se, and *Lewis E. Lohmann,* for respondent.

PER CURIAM.

Proceeding instituted by the board of law examiners for the disbarment of Peder M. Hage, an attorney at law, resident at St. Paul, who was admitted to the bar in 1914. The evidence was taken by Honorable Mathias Baldwin, judge of the district court for the Fourth district. His findings are well sustained by the evidence. Allowing respondent the benefit of his plea of the statute of limita-

[1] Reported in 214 N. W. 663.

tions as to every charge to which it applies, and applying the rule of continuing offenses (see In re Disbarment of Cherry, 166 Minn. 448, 208 N. W. 197, 45 A. L. R. 1108), respondent is found guilty of charges of misconduct the facts in which may be summarized as follows:

In September, 1923, respondent was intrusted by clients (Mrs. Phoebe M. Clark and her son, Bramwell M. Clark, of Minneapolis) with $1,500 which he undertook to invest for them in good securities. He pretended to do so and furnished to his clients certain unrecorded instruments which were in fact no liens upon the property they purported to cover. Respondent has converted upwards of $1,400 of the money to his own use and his clients now have judgments against him for the amount so converted. He has not paid those judgments or any part of them.

In October, 1923, respondent sold a house and lot to Thomas J. Rigby, accepting a down payment of $1,500 through a transfer of certain lands in Wisconsin to one John Ryan, giving Rigby a contract for a deed setting forth the terms of the sale and providing that Rigby should make stated monthly payments upon such contract. Respondent represented to and assured Rigby that there were no lien claims against said property and that the title thereto was clear. Rigby went into possession of the house and lot and, on or about October 15, 1923, five lien claims were filed against the premises and later on further lien claims were filed against it, a portion of which were later satisfied, but the property was finally sold to satisfy a portion of the liens. Respondent paid no attention to the taking care of such liens and, in October, 1924, Rigby was compelled to hire a lawyer to look after the matter for him. The lawyer took the matter up with Mr. Hage but was unable to make any adjustment. Rigby had made the monthly payments as they became due. The property was sold by the sheriff under the decree of the court in the lien foreclosure proceeding in December, 1924. There was a mortgage of $2,400 upon the premises running to the Capital Trust & Savings Bank. Rigby then, through his attorney, Mr. Dwyer, procured the money, paid the mortgage and redeemed

from the foreclosure sale, but at a loss of over $1,000, which respondent has ever since refused to pay or make right.

In November, 1923, R. E. Crewdson employed respondent to collect a claim against the National Union Fire Insurance Company, which the respondent undertook, and in May, 1924, he succeeded in collecting $400 in full settlement of the claim. He thereafter wrongfully and unlawfully refused to make an accounting of such collection and retained the whole thereof until in September, 1924, Mr. Crewdson was compelled to employ an attorney in St. Paul in an effort to obtain an accounting thereof. After repeated demands by such attorney the respondent, on or about October 11, 1924, paid the sum of $314 to his client on account of such collection.

In October, 1923, respondent undertook to act as attorney for Dewey, Burge & Gould, a corporation of Toulon, Illinois, in the collection of a claim of $1,200 against A. A. Alden and Smith Owen, and such proceedings were thereafter had that judgment for $1,278.85 was duly entered against such debtors and thereafter settled by payment of $400 to the respondent. Respondent failed to report such settlement to his client. Subsequently and after a long and extended communication between the respondent and his client, the latter was compelled to employ an attorney to collect such money from the respondent. Upon being approached by such attorney so employed, respondent asserted and claimed that he had remitted such collection to his client, but being again approached by the attorney confessed that no remittance had been made and thereupon he paid over to such attorney the amount of such collection of $400 less attorney's fees of $33.33.

We are of the opinion that the facts stated herein are supported by the proofs and constitute unprofessional conduct on the part of the respondent and as punishment therefor he should be disbarred and restrained from the practice of law within this state as prayed for in the petition. Let judgment be entered in accordance herewith.