IN RE SUMMARY PROCEEDINGS AGAINST GEORGE H. GERLICH, JR.
HERMAN AND DORA RICHTER, PETITIONERS.[1]

October 30, 1931.

Nos. 28,518, 28,519.

*F. A. Pike,* for appellant.
*Boyesen, Otis & Faricy,* for respondents.

HOLT, J.

Herman Richter and Dora Richter, his wife, by separate petitions, instituted under G. S. 1923 (1 Mason, 1927) § 5696, brought their attorney, George H. Gerlich, Jr. before the court to account for and turn over certain moneys he had received for them. There was an extended hearing and full findings of fact made in favor of the petitioners. George H. Gerlich, Jr. moved for amended findings or new trials. From the orders denying the motions he appeals.

Counsel for appellant frankly admits that the "record presents no questions of law except such as arise under the statute giving

[1] Reported in 238 N. W. 640.

the appellant the right to reversal when the decision is not justified by the evidence or is contrary to law." And it would be contrary to law and the evidence if the record compels the amended findings asked for instead of the ones made. It is enough to say that if the findings made are sufficiently supported, the requested amended findings of contrary facts were properly refused.

Appellant and petitioners are of middle age. Appellant is the brother of respondent Dora Richter. Respondent Herman Richter was a residuary legatee under the last will and testament of Henry J. Peters, deceased. So was his sister Alma Richter. The mother of Herman and Alma Richter was a sister of Peters' deceased wife. It appears that Peters had made a prior will in which the Richters were also residuary legatees, but by the last will Emma Mathiessen, a relative and housekeeper of Peters, was given the bulk of the estate. This furnished the inducement for the contest and the employment of appellant by all of the residuary legatees, eight besides Herman and Alma Richter. The contest was adverse to the residuary legatees in the probate court, but on appeal to the district court the will was disallowed. However proponents' motion for a new trial was granted. The contestants other than Herman and Alma Richter dropped out. Thereafter the litigants negotiated a settlement. Emma Mathiessen agreed to pay $5,000 to Herman and Alma Richter, they to withdraw from contesting the will. And these two legatees' claims and that of Dora Richter against the estate for services rendered Peters, if filed in probate court for allowance, were not to be opposed except any amount in excess of $10,000 for all three. This settlement was consummated. Mathiessen paid to appellant the amount agreed. Claims were filed and allowed in probate court for the three claimants mentioned in the aggregate of $10,000. Appellant received the cash or its equivalent in behalf of the claimants. He failed to account to respondents for what they deemed their share, and these proceedings resulted.

Appellant contends that respondent Herman Richter was to pay the expenses of the litigation and that he (Gerlich) "agreed to handle the case on 50 per cent of the net results." The respond-

ents claim the agreement as to the 50 per cent of the net result for attorney's fees related solely to the will contest and had nothing to do with the three claims the Richters asserted against the estate, nor to the amount Herman and Alma Richter were to receive as residuary legatees. The trial court, upon conflicting testimony, found that the agreement with Herman Richter was that appellant should receive for his services in the will contest one-half of the net proceeds received from Emma Mathiessen on the settlement, viz. $5,000, less $275 inheritance taxes; that for filing the claims of Herman Richter and Dora Richter against the estate of Peters there was no agreement as to fees; and the court allowed appellant what was determined to be the reasonable value of the services, viz. $150 for drawing and filing Herman Richter's claim of $6,750, and $100 for drawing and filing Dora Richter's claim of $2,500. No fees were allowed on account of the $411.89 coming to Herman Richter as residuary legatee and which appellant had received from the executor. After allowing for certain expenses and the fees allowed, the court found that appellant held in his hands money the property of Herman Richter, $3,939.97, and money the property of Dora Richter, $2,400, which sums appellant was required to pay over to them and in default thereof be punished for contempt.

We have examined the record with care and find no adequate ground upon which to modify or in any manner disturb the findings of the learned trial court. They are in our opinion well sustained. The evidence does not call for the amended findings appellant requested. The appeal raises only pure questions of fact, and an extended discussion of the evidence and inferences to be drawn therefrom would be of no service to lawyers or litigants.

The orders are affirmed.