## IN RE DISBARMENT OF GEORGE H. GERLICH, JR.[1]

September 30, 1932.

No. 28,869.

[1]Reported in 244 N. W. 414.

 

*Edgar G. Vaughan,* for state board of law examiners.
*F. A. Pike,* for respondent.

PER CURIAM.

This is a proceeding in this court by the state board of law examiners for the removal or discipline of George H. Gerlich, Jr., an attorney at law of this state, hereinafter designated as the respondent.

The matter was referred to the Honorable C. R. Magney, one of the judges of the eleventh judicial district, to hear and report the evidence and to make and report his findings of fact. Such reports have been duly made.

█ We shall not attempt to give any extended statement of the facts. Reference may be made to the case of In re Summary Proceedings against Gerlich, 184 Minn. 346, 238 N. W. 640, for a general statement of facts. As found by the trial court and affirmed by this court in that case, Mr. Gerlich had received for his clients, Herman Richter and Dora Richter, his wife, and held in his hands the sum of $6,339.97 of their money over and above the fees and expenses which he was entitled to, and had failed and did fail and refuse to pay same over to them.

The referee in our present case, after hearing all the evidence, found in substance the same facts.

The referee made certain other findings in reference to respondent's conduct. He found that respondent had failed and refused to pay any part of this money over to the Richters; that he wilfully and wrongfully claimed he had a contract with Herman Richter to receive, as his compensation for preparing and filing a claim for Richter in probate court, 50 per cent of the amount allowed. This claim was allowed, without contest, in the probate court, by consent or stipulation, in the amount of $6,900, and the money paid to respondent.

The referee further found that respondent wilfully and wrongfully claimed that he had a contract with Dora Richter to receive as compensation for preparing and filing a claim for her in the probate court 50 per cent of the amount allowed. This claim was allowed for $2,500 by stipulation or consent, without contest, and the amount so allowed paid to respondent. He has failed and refused to account for or pay over to Dora Richter any part thereof.

The referee found that Herman Richter has made every effort to have respondent account for and pay over the money so wrongfully withheld, and that respondent still refuses to account for and pay over the money belonging to Herman Richter.

In the summary proceeding brought by the Richters in the district court, hereinbefore referred to, that court, on December 29, 1930, made and entered its order requiring the respondent to pay to Herman Richter the sum of $3,939.97, and to Dora Richter the sum of $2,400, within 20 days after the entry of the order. The respondent has not complied with the order or paid any part of the money so ordered to be paid. He took an appeal to this court in the matter, but that appeal was decided by this court on October 30, 1931, and the order of the district court affirmed nearly a month before the present proceeding was commenced. No compliance with the order has been shown.

The referee expressly found that there was no agreement between respondent and Herman Richter or Dora Richter whereby respondent was to receive 50 per cent of the $6,900 received on the claim of Herman Richter or on the $2,500 received on the claim of Dora Richter.

The court, as appears by the findings in the summary proceeding, allowed respondent a fee of $150 for preparing and filing Herman Richter's claim and $100 for preparing and filing Dora Richter's claim. It is urged that this was insufficient compensation. We do not pass upon it here. Under the circumstances shown, the compensation for preparing and filing these claims could not amount to 50 per cent without the alleged agreement, which was found not to exist. The findings of the referee on these matters are sustained by the evidence.

It may be noted that the claims to which we have referred were against the estate of one Henry J. Peters; that there was a will contest wherein respondent was employed as the attorney for Herman Richter; that the referee found that his agreed compensation in the will contest was 50 per cent of the net amount of any proceeds realized therefrom after deducting the expenses paid or incurred by respondent therein; and that, by a settlement therein, $5,000 was paid to respondent. There was an inheritance tax of $272.65 paid out of this, an allowance of $968.20 for expenses of respondent, and one-half of the net remainder, $1,879.58, allowed to respondent as fees. Respondent also received $411.89 for a legacy to Herman Richter under the will of Peters, on which respondent was not allowed any fee. We need not further discuss the will contest.

■ Respondent contends that he acted in good faith in the belief that he was entitled to 50 per cent of the gross amounts realized in all these matters, and that Herman Richter was to pay the expenses incurred in the will contest. The court, in the summary proceedings, found that the expenses, including the inheritance tax, amounted to $1,240.85. The referee found the same to amount to less than $1,500. The referee, as stated, found that the respondent acted wilfully and wrongfully in claiming he was entitled to 50 per cent of the amounts received on the claims of $6,900 and $2,500, and also on the $411.89 legacy. These findings amount to a finding of bad faith.

In brief, the respondent received for his clients, Herman Richter and Dora Richter, from the Peters estate, $14,539.24. He has ac-

counted for $5,101.50. He claims to be entitled to retain the balance of $9,437.74 for fees and expenses. By his wrongful refusal to pay to the Richters what is due to them he has kept them out of their money for several years and compelled them to seek relief in the courts. He has failed to impress the referee or this court with his explanations and claims.

■ It is urged that the proceeding is barred by the limitation statute. G. S. 1923 (1 Mason, 1927) § 5697. We have had occasion to refer to this statute in prior cases. It is not clear when the misconduct complained of first commenced or became known to the Richters. The last of the money was paid to respondent in May, 1928, more than three years before this proceeding was commenced. But there were continued efforts by the Richters to get their money, and delays and final refusals of respondent to account and pay, then summary proceedings in September, 1930, and failure and refusal of respondent to comply with the order of the trial court made on December 29, 1930. This proceeding was commenced in November, 1931. True, the respondent had a right to and did appeal to this court in the matter of the summary proceedings; but when that decision was affirmed by this court, it became a final order, not complied with. On this point the case comes well within our decisions holding such retentions by an attorney of his client's money or property, and continued failures and refusals to pay or deliver same to the client, to be continuing misconduct. In re Disbarment of Cherry, 166 Minn. 448, 208 N. W. 197; In re Disbarment of Hage, 171 Minn. 434, 214 N. W. 663; In re Disbarment of Smith, 183 Minn. 220, 236 N. W. 324; In re Disbarment of Moerke, 184 Minn. 314, 238 N. W. 690.

■ It is urged that the referee erred in receiving in evidence the findings of the trial court in the summary proceedings. We think it was competent to receive these findings in evidence as showing the steps taken by the Richters in their efforts to obtain payment of the money owing to them and as showing the attitude and disposition of the respondent in reference to the matter.

We hold that the referee's findings of fact are sustained by the evidence and show serious and continuing misconduct on the part of the respondent.

It is ordered that the respondent, George H. Gerlich, Jr., be removed from his office as an attorney at law of this state and be enjoined from the further practice of law in this state.

Let judgment be so entered.

