IN RE DISBARMENT OF EDWARD A. WATERS.[1]

July 13, 1934.

No. 29,499.

[1] Reported in 256 N. W. 139.

Oscar G. Haugland, for state board of law examiners.
Edward A. Waters, pro se.

PER CURIAM.

This proceeding was instituted by the board of law examiners on March 3, 1933, for the disbarment or discipline of Edward A. Waters, attorney at law and member of the bar of this state. The Honorable Richard D. O'Brien, one of the judges of the second judicial district, was appointed referee to take the evidence, make findings of fact, and report the same to this court.

The referee found as facts that in January, 1930, one Florence Person consulted respondent relative to investments; that respondent offered to procure for her good investments in the form of loans secured by real estate mortgages; that on January 29, 1930, he forged the signatures of John A. Flocken and Mathilda Flocken to a promissory note, payable to Florence Person, in the sum of $1,200, and also forged the same signatures to a mortgage on certain real estate in Minneapolis purporting to secure payment of the note; that thereafter respondent forged entries on the mortgage purporting to be the indorsements of the treasurer, auditor, and register of deeds of Hennepin county showing payment of the mortgage registration tax and the filing of the mortgage; that he thereafter obtained an abstract of title to the property and forged thereon two additional entries, one purporting to show a conveyance by the holder of the fee to John A. Flocken, and the second entry purporting to show the filing of the mortgage; that the mortgage was never filed in the office of the register of deeds; that respondent obtained a policy of fire insurance upon the building on the property in the sum of $2,000; that he then delivered said forged instruments to Florence Person on February 5, 1930, and represented to her that they were valid and that a loan of $1,200 would be well secured by said mortgage; that Florence Person on February 5, 1930, paid the

sum of $1,200 to respondent believing that she was making a sound investment. The referee further found that on April 8, 1930, in another transaction between respondent and Florence Person, respondent forged like instruments as in the Flocken transaction and made like misrepresentations, receiving $750. On May 19, 1930, he received $250 from Florence Person and gave her forged instruments similar to those in the other two transactions.

The referee further found that respondent appropriated to his own use the moneys thus received; that in December, 1931, Florence Person discovered facts leading her to consult another attorney, who investigated and found that the mortgagors named in each mortgage had no interest in the property described in the respective mortgages and that there was no record of such instruments in the office of the register of deeds; that on February 4, 1932, respondent was confronted with these facts and agreed to make restitution; that sometime after March 25, 1932, the papers were returned to respondent, and he made restitution in full and in addition an amount to cover the fees of the attorney employed by Florence Person.

■ There being no settled case, the findings of fact of the referee are conclusive. Rule II, Supreme Court Rules in Proceedings for Disbarment of Attorneys, 187 Minn. xxxiv.

■ Respondent in his answer and in his brief invokes 1 Mason Minn. St. 1927, § 5697(2), which provides:

"No such proceeding for the removal or suspension of an attorney at law shall be instituted unless commenced within the period of two years from the date of the commission of the offense or misconduct complained of, or within one year after the discovery thereof."

From the findings it appears that the fraudulent acts committed by respondent were discovered more than a year prior to the institution of this proceeding. However, restitution of the money was not made until sometime after March 25, 1932. This proceeding, as hereinbefore stated, was instituted March 3, 1933; and, although more than two years had then elapsed since the wrongful acts were committed, it was commenced well within the two-year period after

restitution was made. Under former decisions of this court, the misconduct was continuing until the moneys intrusted to respondent were returned to the defrauded party. The statute does not operate as a bar during such continuance nor until two years thereafter. In re Disbarment of Cherry, 166 Minn. 448, 208 N. W. 197, 45 A. L. R. 1108; In re Disbarment of Hage, 171 Minn. 434, 214 N. W. 663; In re Disbarment of Friedman, 183 Minn. 350, 236 N. W. 703; In re Disbarment of Moerke, 184 Minn. 314, 238 N. W. 690; In re Disbarment of Gerlich, 187 Minn. 88, 244 N. W. 414.

The findings show that respondent committed 23 separate forgeries and obtained money under false pretenses on three different occasions, totaling $2,200. Although restitution of money misappropriated is in many cases considered in mitigation, the acts of misconduct of the respondent here are so gross and grave that this court, in all justice to the profession and the public generally, cannot and should not do other than remove him from office as an attorney and enjoin him from further practice of law in this state. It is so ordered.

Let judgment be entered accordingly.

*STONE, Justice,* took no part.

