## IN RE DISBARMENT OF O. B. STRAND.[1]

May 3, 1935.

No. 30,021.

D. L. Morse, for State Board of Law Examiners.

O. B. Strand and P. E. Sargent, for respondent.

[1]Reported in 260 N. W. 499.

392

PER CURIAM.

Complaint having been filed accusing the respondent of professional misconduct, the Honorable A. B. Gislason, a judge of the ninth judicial district, was appointed to take and report the evidence upon the charges filed and to find the facts. The said referee having heard the evidence adduced and filed his findings, the matter was argued and submitted in this court.

It appears that respondent was admitted to practice law in this state in 1909 and since that time has resided and practiced his profession at Kenyon. In 1931 he received, from attorneys in Nebraska, a claim of $82.50 for collection against one A. G. Satre. He settled it for $65 although he had no right to do so. After that he wrote the attorneys who had sent him the claim that he expected the debtor to settle. He concealed the fact that he had collected $65 until 1933, when Mr. Satre went to Iowa, where the owner of the claim lived. The latter there sued Satre. The suit was dismissed when Satre exhibited the receipt in full he received from respondent in 1931 when he paid the $65. When the Nebraska attorneys learned of this, their demand upon respondent brought a remittance March 27, 1933. But respondent made no attempt to rectify his wrongdoing until complaint thereof had been filed with the board of law examiners and a letter of warning had been sent by its secretary to respondent. Respondent was clearly guilty of professional misconduct herein which caused annoyance and needless expense to the attorneys who sent him the claim and to both the debtor and creditor involved, to say nothing of the obvious falsity of the explanation he gave of the transaction to the board of law examiners.

Another charge against respondent arises from acts as executor in the estate of Mons J. Broin in the probate court of Goodhue county. By the sale of lands in the estate a large sum of money came into his hands in and prior to 1927. On January 21, 1929, he was cited in to file his final account as executor. He did so. A hearing was had August 26, 1929, and he was directed to pay the beneficiaries $8,684.28 and take and file their receipts with the court. He has not as yet paid in full or obtained or filed the receipts.

There remains $3,700 unpaid; but the beneficiaries have accepted the assignment of a real estate mortgage for $5,000, "either in settlement and payment of said balance due them, or as security for the payment." The most aggravated misconduct as executor appears from respondent's own testimony and accounts for his inability to comply with the decree of distribution. More than ten years ago respondent had been in land business with one G. A. Flom and had loaned Flom $3,000 and taken his promissory note therefor. He testified that Flom died insolvent, and the note was outlawed and worthless, and he has now destroyed it. But he substituted said worthless note for cash he took out of the assets of the Broin estate. There is no need to characterize this act.

The third charge relates to misconduct in handling a $1,550 collection for a nonresident corporation; but, since that was adjusted satisfactorily to the client more than ten years ago, it is not deemed advisable to go into details. It is enough to say that the client was misinformed as to conditions of the debtors, and an attempt was made, after he had collected the claim, to induce his client to discount it.

The fourth charge is trivial in both amount and character and need not be mentioned here.

The respondent claims that the charges are outlawed. Plainly, the first mentioned is not barred by 1 Mason Minn. St. 1927, § 5697. In re Disbarment of Cherry, 166 Minn. 448, 208 N. W. 197, 45 A. L. R. 1108, and subsequent cases referred to in In re Disbarment of Gerlich, 187 Minn. 88, 244 N. W. 414. Misappropriation by an administrator or executor of the assets of an estate may be cause of disbarment. In re Disbarment of Hughes, 188 Minn. 460, 247 N. W. 680. Therefore the second charge, proved true, is ground for discipline, and, under the cases first referred to, is not barred by § 5697.

In our opinion the misconduct, especially the attempt to substitute the worthless Flom note for cash in the estate of which he had charge as executor, shows such moral delinquency that no discipline short of disbarment is justified.

It is therefore ordered that judgment be entered upon the findings herein, approved and adopted by the court, striking respondent, O. B. Strand, from the roll of attorneys and disbarring him from practicing as an attorney at law in this state.