## SIDNEY FREEMAN v. WILLIAM J. LARSON.
## MIDWEST LOAN & FINANCE COMPANY, APPELLANT.[1]

March 25, 1937.

No. 31,161.

*Meighen, Knudson & Sturtz,* for appellant.
*Joseph R. Gunderson,* for respondent.

LORING, JUSTICE.

This case comes here upon an appeal from an order for judgment made by the district court after a debtor's examination under the provisions of 2 Mason Minn. St. 1927, § 9450, *et seq.* The questions presented by the appeal are, first, whether or not the order appealed from is appealable and, second, if it is such an order, whether it was within the jurisdiction of the district court to make it in proceedings supplementary to the judgment.

February 9, 1932, plaintiff obtained a judgment in the district court against the defendant, Larson. January 22, 1936, an execu-

[1]Reported in 272 N. W. 155.

tion issued to the sheriff of Freeborn county, in which the judgment was entered and docketed, to collect the amount thereof with interest. A levy was served upon the Midwest Loan & Finance Company, a corporation, on the same day the execution was issued. The corporation certified in writing to the sheriff that there was no money due Larson from the company. An affidavit was made by the plaintiff's attorney that the company's certificate of no indebtedness was false and untrue and that on or about March 25 the company had paid the defendant Larson $150, which the affiant asserted was due Larson from the company at the time the execution was levied. He prayed for an order requiring the company to appear before the court to answer questions under oath concerning its indebtedness to Larson and the payments made to him after January 22, 1936. March 31, 1936, the district judge made the order requested, and on the 13th day of April, 1936, the defendant and one Wayne H. Webber appeared before the district judge and were examined touching the alleged indebtedness of the Midwest company to the defendant Larson.

It appears that Webber had for some years been conducting business as an individual under the name and style of the Midwest Loan & Finance Company and that in November, 1935, he organized the appellant corporation under the same name, which continued the business, assuming all liabilities. For some five or more years prior to 1936 Larson conducted the business for Webber in Albert Lea under an arrangement by which he was paid $125 a month and received a percentage of the income or profits. The contract under which he worked was in writing and provided that in addition to the salary he was to have ten per cent of the net profits of the business. Larson and Webber agreed that it was found impracticable to calculate the net profits and that consequently Larson received and was paid a percentage of the income of the Albert Lea office. It seems that he was allowed to make collections for the company either in money or property and to charge himself therewith, placing memorandum slips in the cash drawer covering such charges. December 31, 1935, Webber notified Larson that the com-

pany would dispense with his services as of January 1, 1936, and that he would be given one month's salary. He was asked to render the new manager any needed assistance until February 1, 1936.

When the corporation was first organized it had an authorized capital stock of $50,000, of which $40,000 was to be issued, and it was Larson's claim that in lieu of any percentage of the profits or income he was to have ten per cent of the stock of the new company. It appears that later the amount of stock to be issued was reduced to $10,000.

After his separation from the pay roll Larson sought legal advice and made a claim against the company for $4,000. The record tends to show that there was a *bona fide* dispute between Larson and Webber as to whether or not Webber or the company was indebted to Larson. Webber claimed at all times that he owed nothing to Larson and that the company was not indebted to him. The matter was finally settled on the 25th of March, 1936, by the payment by the company to Larson of the sum of $150, for which, in writing, Larson gave up and renounced all claims of every nature against Webber and against the company arising out of any business relations which he had had with either. He also renounced all interest in the business, either of the company or Mr. Webber, and all claims for further payment from either.

After listening to the examination which disclosed the above facts, the district judge made findings of fact, amongst other things finding that the $150 paid on March 25 was due and owing Larson at the time the levy was made in January. As a conclusion of law the judge found that the plaintiff was entitled to judgment against the Midwest company for $150 and ordered judgment accordingly.

It is the respondent's contention that this order for judgment is not appealable but, subd. 6 of 2 Mason Minn. St. 1927, § 9498, provides that appeals may be taken to this court by the aggrieved party:

"From an order or judgment made or rendered in proceedings supplementary to execution."

Ordinarily an order for judgment is not an appealable order, but under the provision just quoted the order under consideration is appealable.

■ It is respondent's contention that he was not proceeding under the provisions of § 9450, *et seq.*, but under § 9429. It is quite obvious that the examination upon which the findings and order were based must have been under § 9450, *et seq.* Section 9429 and other sections relative to the levy make no provision for the examination of the debtor or witnesses. Section 9452 does make such provision, and it is quite obvious that Webber was examined under § 9452. Section 9454 provides that if it appears that any person alleged to be indebted to the judgment debtor denies the debt, such debt may be recovered only in an action against such person by the receiver who may be appointed by the court under the provisions of § 9453.

On this record there was a *bona fide* dispute as to whether the company owed Larson anything at the time of the levy, and it is the claim that it merely purchased peace in the settlement of March 25. What the effect of that situation was we need not here decide. It amounts to a denial of the debt, and it is therefore quite apparent that the district judge had no statutory or other authority to make findings of fact and conclusions of law or order for judgment after the examination supplementary to execution. The plaintiff's recovery, if any, must be in an action as provided in § 9454. There was nothing in the proceedings by which the debtor waived its rights to have the issues settled in an action as provided in that section.

The order appealed from is reversed.