NORTHERN NATIONAL BANK OF DULUTH v. T. J.
McLAUGHLIN AND ANOTHER.
BENEDICT DEINARD AND RUSSELL SMITH,
RESPONDENTS.
FRED A. OSSANNA AND ORIN M. OULMAN, APPELLANTS.[1]

July 8, 1938.

Nos. 31,700, 31,716.

[1]Reported in 280 N. W. 852.

*Fred A. Ossanna, Charles E. Carlson,* and *Edward J. Kotrich,* for appellant Fred A. Ossanna.

*Orin M. Oulman, pro se.*

*Nobel Shadduck,* for respondent Russell Smith as receiver of McLaughlin and Lange Construction Company.

*Benedict Deinard* and *Leonard, Street & Deinard,* for respondent Benedict Deinard, successor-receiver of Bland Engineering Company, ancillary receiver of state of Minnesota of General Indemnity Corporation of America and of Detroit Fidelity & Surety Company.

HOLT, JUSTICE.

The partnership McLaughlin and Lange Construction Company, hereinafter referred to as the McLaughlin company, obtained a contract from the state highway department August 4, 1930, to construct a portion of trunk highway No. 59 near Rochester. The Georgia Casualty Company, a bonding corporation, gave to the state the statutory contractor's bond. This corporation will hereinafter be referred to as the Georgia. The Bland Engineering Company, a corporation, hereinafter called the Bland, obtained from the McLaughlin company a subcontract for part of the work, but served notice to preserve its rights on the Georgia bond. The Bland assigned its accounts against the McLaughlin company to the Northwestern National Bank of Minneapolis as security for indebtedness to it. July 26, 1933, in the district court of the United States for the district of Minnesota, this bank obtained a judgment against the Georgia on its contractor's bond for $11,957.11. Prior thereto, on April 19, 1933, the Georgia went into the hands of a receiver. No part of the judgment has been paid, and the Bland also went into receivership June 15, 1933, to which receivership respondent

Deinard succeeded April 23, 1935. At the completion of the Mc-Laughlin company's contract with the highway department a controversy arose as to the amount due for extra work, and an arbitration proceeding was begun in Ramsey county district court to determine the amount. In that arbitration appellant Oulman from start to finish was the attorney for the McLaughlin company. The arbitration resulted in an award of $4,346.15 in favor of the McLaughlin company. The arbitrators' fee was over $5,000, one-half of which the McLaughlin company was to pay. The award was attacked by the McLaughlin company and vacated by the district court of Ramsey county, after a protracted trial, June 26, 1933. July 21, 1931, the McLaughlin company gave its promissory note for $18,000 to Northern National Bank of Duluth, due September 26, 1931, guaranteed by the Detroit Fidelity & Surety Company, a corporation, hereinafter called the Detroit. Said note was not given to obtain money to pay for labor and material used in performing the highway contract. The note was not paid, and the bank sued the McLaughlin company and the Detroit in the district court of St. Louis county, and therein judgment was entered December 18, 1931, for $18,462.64, which judgment the Detroit paid and became subrogated to the rights of the bank, took an assignment of the judgment, caused a transcript of the judgment to be docketed June 2, 1932, in Hennepin county, and an execution to issue to the sheriff of said county against the property of McLaughlin, which execution was returned wholly unsatisfied June 18, 1932. The court issued an order in supplementary proceeding, on the petition of the Detroit, against McLaughlin, one of the judgment debtors. A disclosure was had, and upon it, and on notice, the court, September 13, 1932, appointed Russell Smith receiver of the McLaughlin company, "for the purpose of collecting and receiving the outstanding debts and moneys due to or on account of the partnership business of the firm of McLaughlin and Lange Construction Company and also to receive and take possession of all stock and trade effects and property of every nature and kind of or belonging to said partnership and all of the choses and actions of said partnership including a certain

suit now pending in the District Court of Ramsey County, Minnesota, * * * This order is made, however, without prejudice to the rights of the Georgia Casualty Company to assert any rights that they might have to the proceeds of said suit now pending in Ramsey County, Minnesota." Russell Smith gave a $5,000 receiver's bond and qualified. In January or February of 1933 the McLaughlin company employed appellant Ossanna, an attorney, to attempt to settle the arbitration suit with the state highway department. A settlement was eventually made, the state agreeing to pay $18,494.30, in addition to $42,897.03 previously paid, upon obtaining releases from the Georgia, the Detroit, Oulman for the lien for the attorney's fees filed by him with the highway department, and from John P. Devaney for his attorney's fees, also for a dismissal of the garnishment of C. J. Hedwall Company in which the state highway department was garnishee. The releases were given, the garnishment dismissed, and the state by check for $18,494.30, dated July 14, 1933, payable to "order of McLaughlin & Lange Construction Co., Fred A. Ossanna, Attorney, and Orrin M. Ouhlman, attorney," settled the claim. There is no question as to the authority of Daniel Foley, the attorney for the Georgia, to settle its claim for $3,500, nor of J. W. Smith, the attorney for the Detroit, to settle its claim for $2,500, which sums were paid out of the money received from the state highway department. Up to the time respondent Deinard filed his petition for appellants Ossanna and Oulman to show cause why they should not pay to the receiver appointed in the supplementary proceeding the $18,494.30 paid by the state, no steps whatever had been taken, so far as shown by this record, to make that receivership a general receivership, and no notice to creditors had been given to file claims. It seemed to rest entirely as a receivership in the proceeding supplementary to execution upon the judgment assigned to the Detroit by the Northern National Bank of Duluth. Russell Smith was therein appointed receiver at the instance of the Detroit.

Benedict Deinard as receiver of the Bland and of the Detroit, on April 28, 1936, and Russell Smith as receiver in the supplementary

proceeding, about the same time presented to the district court of Hennepin county their petitions that these appellants, Ossanna and Oulman, show cause why they should not pay over the $18,494.30 the state highway department paid in settlement for the work and material the McLaughlin company did under its contract of August 4, 1930. Ossanna and Oulman appeared and objected to the jurisdiction of the court in the receivership supplementary to execution, under which Russell Smith was appointed, to adjudicate concerning the ownership of the proceeds of the settlement made with the state highway department. The court overruled the objections, took testimony, made elaborate findings of fact and conclusions of law covering 24 printed pages in the record, wherein it is determined "that Russell Smith as receiver was the sole owner of moneys collected from the estate of the insolvents, and was and is entitled to receive the same, and is charged with the duty of paying such proceeds out pursuant to orders of the court," and also ordered that "said respondents, Fred A. Ossanna and Orin M. Oulman, pay forthwith to the said receiver the sum of eighteen thousand four hundred ninety-four and 30/100 ($18,494.30) dollars with interest thereon at the rate of 6% from July 13, 1933, to date of payment, and thereupon said receiver shall file his account for consideration and direction with the full bench of this court for allowance of fees and for the disposal of the balance of said fund, if it appears that there be any, unless said full bench shall waive said payment forthwith and permit the receiver to file and have his account considered and allowed as if such moneys were already in his hands." Each of said attorneys moved for amended findings or a new trial, and each appeals from the order denying said motions *in toto,* except some immaterial amendments.

Respondents Deinard and Russell Smith move to dismiss the appeal on the ground that this order is not a final order in a special proceeding. They rely on Meacham v. Ballard & Co. 180 Minn. 30, 230 N. W. 113. But we think this point is ruled against respondents by In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687. It is a final order in a summary proceeding insofar

as it directs Ossanna and Oulman to pay $18,494.30 with interest at six per cent from July 13, 1933, to date of payment. If those findings and conclusions of law stand, that amount must be paid or the attorneys are in contempt. It is true that the court reserved for the full bench to decide how much, if any thereof, Ossanna and Oulman may be paid back as attorneys' fees. But the court, by these findings, determined as a finality that the receiver in the supplementary proceeding, Russell Smith, was entitled to the money paid in settlement of the McLaughlin company's claim against the state highway department. That the order is appealable is indicated by Caulfield v. C. W. Jewett Co. 183 Minn. 503, 237 N. W. 190; In re Gerlich, 184 Minn. 346, 238 N. W. 640; Freeman v. Larson, 199 Minn. 446, 272 N. W. 155. Moreover, 2 Mason Minn. St. 1927, § 9498(6), provides that "an appeal may be taken to the supreme court by the aggrieved party in the following cases: * * * 6. From an order or judgment made or rendered in proceedings supplementary to execution." Certainly Ossanna and Oulman are aggrieved parties by the order appealed from.

The first proposition met on this appeal is the nature of the receivership. The Detroit, guarantor of the $18,000 note, upon which the Northern National Bank obtained a judgment against the McLaughlin company and the Detroit, having paid said judgment, became subrogated to the rights of the bank and caused execution to issue against the property of McLaughlin. The execution being returned wholly unsatisfied, the Detroit caused McLaughlin to be examined as to his property under oath and procured Russell Smith to be appointed receiver. No other creditor was concerned in that proceeding, and the order appointing the receiver of the McLaughlin company was made "without prejudice to the rights of the Georgia Casualty Company to assert any rights that they might have to the proceeds of said suit now pending in Ramsey County, Minnesota." It is perfectly clear on this record that no property of any character belonging to the McLaughlin company was discovered other than that involved in the arbitration suit between that company and the highway department of the state, growing out of

the highway construction contract mentioned. Hence Russell Smith is a receiver in the supplementary proceeding wherein the Detroit is now the judgment creditor seeking to enforce payment of its judgment under 2 Mason Minn. St. 1927, §§ 9450-9455. He is not a general receiver of the partnership; the receivership is not for the purpose of dissolving the partnership, nor to carry on its business, nor to complete the contract mentioned, nor *pendente lite,* nor for any other purpose than to satisfy the demands of the Detroit. It is true, the court, having obtained jurisdiction in supplementary proceeding of the judgment debtor, may by order compel him to turn over to the duly appointed and qualified receiver any property owned and possessed by him. But the court is not empowered summarily to direct other parties to turn over property or pay over money to such a receiver. In order for the receiver to recover property or money not in the possession or control of the judgment debtor he must have recourse to the ordinary civil action. The judgment creditor acquires a lien on the debtor's property by availing himself of the statutory supplementary proceeding. To determine whether others have prior liens or rights thereto resort must be had to the common suit. Freeman v. Larson, 199 Minn. 446, 272 N. W. 155. This record makes plain that there were due from the McLaughlin company large sums to the Bland, to the Georgia, to the Detroit, to Oulman, who had done much legal work for the company in the arbitration suit, to the C. J. Hedwall Company, and to others who had furnished labor and material for the performance of the highway contract. Oulman had filed his lien with the highway department, C. J. Hedwall Company had obtained a lien by garnishment of the department, the Georgia had obtained an assignment of the amount to accrue to the McLaughlin company upon its contract when it gave the contractor's bond. It is clear that litigation to adjudge priority as between these various parties is necessary. We therefore conclude that the court erred when overruling the objection of appellants to proceed against them on the order to show cause in the proceeding supplementary to execution.

Another view of the situation, as it was on July 13, 1933, when the $18,494.30 was paid by the state in settlement of the claim of the McLaughlin company upon the highway contract, demonstrates that the result arrived at by the findings and order is wrong. As before stated, the receiver Russell Smith was appointed in the supplementary proceeding to enforce the payment of the judgment the Detroit held against the McLaughlin company. The only property out of which anything could be realized was that to be derived from the arbitration suit mentioned. The Detroit authorized its attorney, who was also the attorney for the receiver, to settle and release its claim against the state for $2,500. That amount was paid it, and the release was given. It is difficult to see why this did not end and dispose of the supplementary proceeding. The record shows, although the findings do not cover that testimony, that it was understood and agreed when the settlement was made that the supplementary proceeding should be vacated or dismissed. The Georgia had released its claim against the state in payment of $2,500, so had Oulman of his filed attorney's lien, and Devaney likewise, and the garnishment of C. J. Hedwall Company had been dismissed. No one remained in the supplementary proceeding to assert any claim. Neither the Bland nor any other creditor of the McLaughlin company had been made a party to the supplementary proceeding. The record is silent as to anything done to keep alive the proceeding, until Benedict Deinard in the spring of 1935 became interested and succeeded to the receiverships herein referred to.

Entertaining the views above expressed, there is no occasion to discuss or apply the many authorities which the industry of counsel have referred to in exhaustive briefs covering more than 450 pages. Students of the law pertaining to creditors' bills in equity and to the various statutes in respect to supplementary proceedings to enforce the payment of judgments may be interested in the articles in 35 Columbia L. Rev. 1007, and 36 *Id.* 1061, and in the exhaustive annotation of Ex parte Roddey, 92 A. L. R. 1430 (171 S. C. 489, 172 S. E. 866). We have purposely refrained from considering or

intimating our views as to priority of rights in the proceeds of the settlement of the claim of the McLaughlin company with the state highway department as between the Georgia, the Detroit, the Bland, and other creditors of the McLaughlin company, being of the opinion that such priority must be determined in some other proceeding than this. We have not overlooked the fact that at the instance of Russell Smith as receiver the court appointed Oulman attorney for him to assist his attorney, Jay W. Smith, in the arbitration suit. Oulman denies knowledge of this order at the time it was made, but doubtless both he and Ossanna knew of the supplementary proceeding and that Russell Smith was the receiver therein. The effect of that order appointing such attorneys for the receiver must be left for determination in a proper action.

The order is reversed.

MR. JUSTICE LORING took no part in the consideration or decision of this case.

