PARK ENTERPRISES, INC. v. BENEDICT B. TRACH.
DOROTHY TRACH, ALSO KNOWN AS MRS. BENEDICT B.
TRACH, INTERVENER.
NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS,
RESPONDENT.[1]

March 30, 1951.

Nos. 35,392, 35,393.

*Dorsey, Colman, Barker, Scott & Barber,* for Park Enterprises,
Inc.

*Lewis E. Lohmann* and *John M. Fitzgerald,* for Benedict B. and
Dorothy Trach.

---

[1]Reported in 47 N. W. (2d) 197.

474

LORING, CHIEF JUSTICE.

This is a companion case to Park Enterprises, Inc. v. Trach (No. 35,391), 233 Minn. 467, 47 N. W. (2d) 194, filed herewith and referred to hereinafter as the companion case. This case was appealed separately, but on appeal it was consolidated with the companion case for purposes of oral argument. The interested parties are the same in both cases. Both cases are concerned with the use of collection remedies to reach the same joint bank account; both cases involve the same oral lease and are actions to enforce payment of rent thereunder for two successive months.

In the present case, plaintiff obtained a default judgment against defendant for $149.84, and on March 13, 1950, under a writ of execution duly issued, plaintiff levied upon a "joint and several" bank account standing in the names of defendant and intervener at the Northwestern National Bank of Minneapolis. Plaintiff moved for an order that intervener, defendant's wife, be made a party to this proceeding, and that the Northwestern National Bank be compelled to pay the funds in the joint bank account to the levying officer in an amount sufficient, to the extent of the funds, to satisfy the default judgment against defendant. Intervener, by her appearance, and defendant and intervener, by cross-motion, consented to intervener's being made a party to this proceeding and moved the court to quash the levy of execution.

The facts of this case were stipulated and are identical in all material respects with those in the companion case, except that at the time the levy was made the deposit credit remaining in the joint bank account was only $275, more than half of which will be due plaintiff by virtue of a prior judgment to be entered against the garnishee bank in the companion case. The parties requested that the trial court make findings of fact and conclusions of law upon the basis of the facts stipulated and that it enter an order ruling on the cross-motions before it. The court issued its order releasing from the levy what was determined to be intervener's half of the joint bank account and directing that the Northwestern National Bank of Minneapolis pay the remaining portion of the account to the appropriate levying officer pursuant to the execu-

tion against it. By its order, the court of course excepted that portion of the account which the bank will need to satisfy the judgment to be entered against it as garnishee in the companion case. Defendant, intervener, and plaintiff have all appealed from this order.[2]

We think that our decision in the companion case is controlling here. We there held that this same joint bank account was subject to garnishment for defendant's individual debt, and we indicated in dictum that the entire account could be taken by such proceedings. If defendant's and intervener's joint bank account may be garnisheed in its entirety for defendant's individual debt, we think it is subject, in its entirety, to levy of execution issued upon a judgment against defendant.

We accordingly reverse the trial court's order releasing $104.96 from the levy and direct that judgment be entered against the Northwestern National Bank of Minneapolis ordering it to pay to the appropriate levying officer whatever portion of the joint bank account remains after it has reserved sufficient funds to satisfy the judgment to be entered against it as garnishee in the companion case.

---

[2]This order is appealable as an order made in proceedings supplementary to execution. M. S. A. 605.09(6); Freeman v. Larson, 199 Minn. 446, 272 N. W. 155.